IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GINGER KATZENMOYER** : CIVIL ACTION
:
**v.** :
:
**ALLSTATE INSURANCE COMPANY** : No. 11-3427

Norma L. Shapiro, J.                      August 30th, 2012

**MEMORANDUM**

  Before the court are cross-motions for summary judgment, an evidentiary motion in limine, and a motion to file a post-argument brief in an insurance dispute between Ginger Katzenmoyer ("Katzenmoyer") and Allstate Insurance Company ("Allstate"). The underlying incident occurred eleven years ago when Katzenmoyer attended a party at the house of a co-worker, Donald Drumheller ("Drumheller"), who invited Katzenmoyer to ride on his ATV through a wooded area near his house. He then drove the ATV into a raised manhole cover. The impact threw Katzenmoyer from the ATV and caused her to suffer serious injuries.

  Allstate insured Drumheller's house at the time of the incident. Because the incident occurred in a wooded area away from Drumheller's house, Allstate filed a declaratory judgment action before the Honorable Anita B. Brody to determine whether it had a duty to defend and indemnify Drumheller. After a state court jury verdict against Drumheller, he assigned his rights under the insurance contract to Katzenmoyer.

Katzenmoyer, as Drumheller's assignee, now brings this action against Allstate for breach of contract (common-law bad faith) under Pennsylvania law.[1] Her claim concerns Allstate's refusal to settle with her by paying the face of the policy between June 7 and July 7, 2004. *See* Katzenmoyer Cross-Mot. Summ. J. at 3. As stated by Katzenmoyer, Allstate "acted negligently, unreasonably and recklessly by ignoring the policy limit settlement demand made by Katzenmoyer's attorney [on June 7, 2004]." *See* Katzenmoyer Resp. Cross-Mot. Summ. J. at 1. The parties have cross-moved for summary judgment. The Allstate cross-motion for summary judgment will be granted, the Katzenmoyer cross-motion for summary judgment will be denied, the Katzenmoyer motion for leave to file a post-argument brief will be granted, and the Allstate evidentiary motion in limine will be denied as moot.

I. Facts

This action has a complex 11-year-long procedural history. The underlying ATV incident occurred on September 20, 2001. Five months later, Katzenmoyer wrote a letter to Allstate and requested the policy limit of Drumheller's insurance policy—$100,000—in exchange for a full release for Drumheller. Allstate refused. Katzenmoyer then brought a personal injury action against Drumheller in the Montgomery County Court of Common Pleas on June 3, 2002 ("*Katzenmoyer v. Drumheller*"), and Drumheller sent Allstate a letter asking it to settle the claim.

---

[1] Katzenmoyer had also brought a claim for statutory bad faith under 42 Pa. C.S. § 8371 but withdrew it on August 27, 2012. *See* Letter from Katzenmoyer's counsel, August 27, 2012. Allstate had moved to dismiss the statutory bad faith claim; the Allstate motion to dismiss has been denied as moot.

2

On September 20, 2002, Allstate, filing a declaratory judgment action in federal court before the Honorable Anita B. Brody ("*Allstate v. Drumheller*"), alleged the ATV incident occurred away from the insured premises, and denied coverage under its policy.[2] In August 2003, Judge Brody granted Allstate's motion for summary judgment and ordered that Allstate had neither a duty to defend nor a duty to indemnify Drumheller in *Katzenmoyer v. Drumheller*. *See Allstate Ins. Co. v. Drumheller*, 285 F. Supp. 2d 605 (E.D. Pa. 2003). Katzenmoyer and Drumheller appealed the decision.

On May 11, 2004, while the federal appeal was pending, the Pennsylvania Superior Court decided *State Farm Fire & Casualty Company v. MacDonald*, 850 A.2d 707 (Pa. Super. Ct. 2004). The *MacDonald* court found State Farm had a duty to defend and indemnify its insured under circumstances similar to those in *Allstate v. Drumheller*.

On June 7, 2004, Katzenmoyer, citing *MacDonald*, sent a letter to Allstate and sought the $100,000 policy limit in exchange for a full release for Drumheller. Katzenmoyer notified Allstate that if it failed to tender the $100,000 policy limit within 30 days, she would hold Allstate responsible for any excess verdict in *Katzenmoyer v. Drumheller*. Two days later, Allstate sent a letter to Katzenmoyer stating: (1) *MacDonald* was factually different than *Allstate v. Drumheller*; and (2) State Farm had filed a petition for allocatur in *MacDonald*, so *MacDonald*'s effect

---

[2] Notwithstanding its action seeking a declaration of its duties, Allstate was defending Drumheller under a reservation of rights.

3

on *Allstate v. Drumheller* was unclear. Allstate did not tender the $100,000 policy limit to Katzenmoyer within 30 days of the settlement demand.

On September 30, 2004, the Court of Appeals in *Allstate v. Drumheller* vacated Judge Brody's order that Allstate had neither a duty to defend nor a duty to indemnify Drumheller, and remanded for further consideration in light of *MacDonald. See Allstate Ins. Co. v. Drumheller*, 115 F.App'x 528 (3d Cir. 2004). The Pennsylvania Supreme Court did not deny allocatur in *MacDonald* until October 27, 2004.

On November 1, 2004, Judge Brody held a meeting with Allstate, Drumheller, and Katzenmoyer to discuss a briefing schedule on remand. At the meeting, Judge Brody suggested it was unlikely she would find in favor of Allstate in light of *MacDonald*. *See* Letter from Allstate counsel to Allstate (Pl.'s Mot. Summ. J. Ex. 36). Judge Brody ordered the parties to file briefs discussing how *MacDonald* affected *Allstate v. Drumheller*. *See id.* at Exs. 38–39. Allstate offered the $100,000 policy limit to Katzenmoyer on November 16, 2004. Katzenmoyer declined.

On March 16, 2005, Judge Brody, citing *MacDonald*, held Allstate had a duty to defend and indemnify Drumheller in *Katzenmoyer v. Drumheller*. Allstate appealed the decision.

While the appeal was pending, Katzenmoyer offered to release Drumheller and Allstate for $750,000. Allstate declined.

On June 27, 2006, the Court of Appeals, in a 2-to-1 decision (Garth, J., dissenting), affirmed Judge Brody's decision that Allstate had a duty to defend and

4

indemnify Drumheller. *See Allstate Ins. Co. v. Drumheller*, 185 F.App'x 152, 153 (3d Cir. 2006). In August 2006, Allstate offered to settle with Katzenmoyer for $100,000. In July 2007, Katzenmoyer again offered to release Drumheller and Allstate for $750,000. The parties failed to settle.

On February 26, 2009, a state court jury in *Katzenmoyer v. Drumheller* rendered a verdict against Drumheller for $1,500,000. In March 2009, Allstate requested a release of all claims against Drumheller and Allstate in return for $100,000. Katzenmoyer would accept no less than $1,975,000. The parties again failed to settle.

In April 2010, Drumheller assigned to Katzenmoyer all claims, causes of action, demands, titles, or rights he ever had against Allstate in return for his release. Katzenmoyer initiated this action in July 2010 in the Philadelphia County Court of Common Pleas, and Allstate removed the action to this court. Allstate tendered the $100,000 policy limit to Katzenmoyer on September 14, 2010.

## II. Legal Standard

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Meditz v. City of Newark*, 658 F.3d 364, 369 (3d Cir. 2011). The court must view all evidence and draw all inferences in the light most favorable to the non-moving party. *Id.*

Where, as here, the parties have presented cross-motions for summary judgment, the court considers each party's motion individually. Each side bears the

burden of establishing a lack of genuine issue of material fact.

> Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

*Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968).

### III. The Allstate cross-motion for summary judgment

Allstate moves for summary judgment and argues: (1) the statute of limitations bars both claims; and (2) Allstate had a reasonable basis to deny Katzenmoyer's settlement offer in June 2004.

#### A. Statute of limitations

Allstate denied Katzenmoyer's settlement offer on July 7, 2004—30 days after Katzenmoyer's counsel sent the settlement offer letter. The *Katzenmoyer v. Drumheller* jury rendered a verdict against Drumheller for $1,500,000 on February 26, 2009. Katzenmoyer, as Drumheller's assignee, initiated this action against Allstate on July 28, 2010.

Under Pennsylvania law, the limitations period for common-law bad faith claims is 4 years. *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 365 (E.D. Pa. 2009). Katzenmoyer's action is time-barred if the limitations period began on the date when Allstate denied the settlement offer on July 7, 2004, and not time-barred if it began when the jury rendered the verdict against Drumheller on February 26, 2009. The issue is whether the limitations period began when Allstate denied the settlement offer or when the jury rendered the

6

verdict against Drumheller. The Pennsylvania Supreme Court has not expressly addressed the issue.

Allstate argues "the statute of limitations begins to run when a right to institute and maintain a suit arises," and "a claim accrues when a plaintiff is harmed and not when the precise amount or extent of damages is determined." *See* Allstate Mot. Summ. J. at 18 (*quoting Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 224–25 (3d Cir. 2005) and *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1042 (Pa. Super. Ct. 1999)). Katzenmoyer argues Drumheller could not have maintained a bad faith suit against Allstate without showing damages, so the limitations period should begin when the jury rendered the verdict against him.

Allstate cites *T.A. v. Allen*, 868 A.2d 594 (Pa. Super. Ct. 2005), as a case in which the Pennsylvania Superior Court held that a "cause of action for bad faith refusal to settle based on a claim that there is no coverage accrues at the time the issuer declines a settlement offer within the policy limits." *See* Allstate Resp. to Katzenmoyer Mot. Summ. J. at 8, n.6. But Allstate incorrectly cites *dicta* as the holding. In *T.A.*, the appellant T.A. and his siblings had been sexually abused by their grandfather while they stayed at a residence owned by their grandparents. T.A. and his siblings sued their grandparents; the claims against the grandmother were for her alleged failure to protect the children from the grandfather's misconduct. The grandparents had a homeowners' insurance policy, and the insurance company filed a declaratory judgment action seeking declaration of its duties under the policy. The insurance company refused a settlement offer from T.A. and his siblings, and T.A. and his siblings sued the insurance company for bad faith

7

a few months later. In separate, prior actions, the court had held the insurance company had no duty to defend or indemnify the grandparents. While the *T.A.* court noted—in *dicta*—that the suit was filed within months of the insurance company's refusal to settle and thus was within the limitations period for bad faith claims, *id.* at 600, the court affirmed the entry of summary judgment in favor of the insurance company because the insurance company had no duty to either grandparent. T.A. and his siblings could not bring bad faith claims against an insurer having no duty to act in good faith, regardless of the statute of limitations.

Neither side can cite to on-point, binding precedent. The closest either side comes to binding precedent is *Haugh v. Allstate Insurance Company*, 322 F.3d 227, 231 (3d Cir. 2003), in which the Court of Appeals applied the date of a refusal to settle as the beginning of the limitations period for the purposes of the appeal, but noted "that there is authority [in other circuits] holding that an insured's claim for its insurer's bad faith refusal to settle does not accrue until the excess judgment in the underlying case becomes final." *See id.* at 231 n.6. *Haugh* is not on-point and does not help us decide this issue.

The limitations period should begin when the jury rendered its verdict against Drumheller, not when Allstate denied the settlement offer. When Allstate denied the settlement offer, it was unclear whether Allstate had any duty at all. Drumheller could not have maintained a suit against Allstate for bad faith in July 2004 because he had not yet suffered damages. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 224–25 (3d Cir. 2005) (generally limitations periods begin to run when right to institute *and maintain* a suit arises). Although Pennsylvania law is

8

unclear on this issue, it seems unlikely the Pennsylvania Supreme Court would adopt a rule requiring plaintiffs to file bad faith suits within 4 years of a failure to settle without an explicit, unambiguous denial of coverage. The court will not grant the Allstate cross-motion for summary judgment on this ground.

## B. Common-law bad faith

The common-law duty of good faith, as explained by the Pennsylvania Supreme Court in *Cowden v. Aetna Casualty & Surety Co.*, 389 Pa. 459 (Pa. 1957), requires an insurer to "consider in good faith the interest of the insured as a factor" in deciding whether or not to settle a claim. *Id.* at 470. The insurer must "treat the claim as if [the insurer] were alone liable for the entire amount." *Id.* But the *Cowden* court did not create an absolute duty of an insurer to settle a claim for the policy limits when a possible judgment against an insured might exceed policy limits, nor did it hold that an insurer must submerge its own interest in denying coverage in favor of the insured. *Id.* at 470–71. Instead, the court stated:

> [W]hen there is little possibility of a verdict or settlement within the limits of the policy, the decision to expose the insured to personal pecuniary loss must be based on a bona fide belief by the insurer, predicated upon all of the circumstances of the case, that it has a good possibility of winning the suit. While it is the insurer's right under the policy to make the decision as to whether a claim against the insured should be litigated or settled, it is not a right of the insurer to hazard the insured's financial well-being. Good faith requires that the chance of a finding of nonliability be real and substantial and that the decision to litigate be made honestly.

*Id.* at 471. As Judge McLaughlin explained in *DeWalt v. Ohio Casualty Insurance Company*, 513 F. Supp. 2d 287 (E.D. Pa. 2007), "the controlling interpretation

of *Cowden* in this circuit is that a contract claim for bad faith requires evidence that an insurer acted negligently or unreasonably in handling the potential settlement of claims against its insured." *Id.* at 297. "Even questionable conduct giving the appearance of bad faith is not sufficient to establish it so long as the insurer had a reasonable basis to deny coverage." *Post v. St. Paul Travelers Ins. Co.*, Nos. 10-3088 & 10-3300, 2012 U.S. App. LEXIS 15767, at *56 (3d Cir. July 31, 2012).

An insured must prove its bad faith claim by clear and convincing evidence. *Cowden v. Aetna Cas. & Surety Co.*, 389 Pa. 459, 472 (Pa. 1957). The burden of the insured opposing the insurer's summary judgment motion is "commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden at trial." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005).

When Allstate denied Katzenmoyer's settlement offer in July 2004, it had no duty to defend or indemnify Drumheller. Judge Brody decided the issue in its favor in August 2003, and the Court of Appeals did not vacate Judge Brody's order and remand it for reconsideration until 3 months after the July 2004 settlement deadline imposed by plaintiff's counsel had passed. Allstate could not have known whether the Court of Appeals would affirm, overrule, or vacate her order and remand.

One month before Katzenmoyer made the settlement offer in June 2004, the Pennsylvania Superior Court had decided *MacDonald*, a case with similar facts to *Allstate v. Drumheller*. But the losing party in *MacDonald* (State Farm Insurance Company) had a petition for allocatur pending in July 2004; the Pennsylvania

10

Supreme Court did not deny the petition until almost 4 months after the July 2004 settlement deadline had passed.

As stated by Ms. Georgia Flamporis, Allstate's corporate counsel, in her deposition:

> In June of 2004 after *MacDonald* I am still expecting to prevail. I think Judge Brody got it right. I think *MacDonald* was poorly reasoned. *MacDonald* is not persuasive. I'm waiting to see if the Third Circuit agrees with what I just said, because they could certainly affirm Judge Brody. They could reverse Judge Brody and adopt *MacDonald*, but they did not. Or they could do what they did, which was remand it back for further reconsideration by Judge Brody to see if it had impact at all on the facts of the Drumheller case. I'm also waiting to see what is going to happen with State Farm's appeal on the *MacDonald* case.

Katzenmoyer Mot. Summ. J. at Ex. 4, 75:10–22. Allstate eventually offered the policy limits in November 2004—after the Court of Appeals vacated Judge Brody's order and remanded for reconsideration in light of *MacDonald*, and after Judge Brody stated at a scheduling conference that she would likely find in favor of Drumheller on remand. However, Katzenmoyer would no longer settle for the face of the policy, $100,000, and while the appeal was pending demanded $750,000 to release Drumheller and Allstate. Katzenmoyer made the same offer after Judge Brody's decision in favor of Drumheller was affirmed (2–1) on appeal, but after the state court verdict in the amount of $1,500,000, Katzenmoyer would accept no less than $1,975,000 in settlement. Allstate then tendered $100,000 without a release.

Katzenmoyer has failed to show, by clear and convincing evidence, a disputed issue of material fact whether Allstate acted unreasonably or negligently when it denied the settlement offer in July 2004. Allstate had at least 6 reasons to deny the

11

settlement offer at that time: (1) Judge Brody's previous order in Allstate's favor remained in effect; (2) Allstate's counsel had advised Allstate of factual differences between *MacDonald* and *Allstate v. Drumheller*; (3) *MacDonald* did not bind the Court of Appeals; (4) Allstate was aware of a trend of cases in which courts interpreted the provision at issue in favor of the insurance company; (5) the *MacDonald* petition for allocatur was pending; and (6) Allstate's counsel advised it that it had good reasons to defer responding to the settlement offer. *See* Allstate Cross-Mot. Summ. J. at 22. To accept the settlement offer in July 2004, Allstate would have had to assume the Court of Appeals would overturn a favorable district court decision in light of an intervening state court decision. Allstate considered the factual differences between *MacDonald* and *Allstate v. Drumheller*, and had "a bona fide belief . . . that it ha[d] a good possibility of winning the suit."[3] *See Cowden*, 389 Pa. at 471.

There is no clear and convincing evidence of common-law bad faith. The Allstate cross-motion for summary judgment will be granted.

---

[3] The Court of Appeals affirmed Judge Brody's subsequent order on remand in favor of Drumheller, but it did not do so unanimously. The state court in *MacDonald* had held an adjacent field used in connection with the insured residence was covered under the homeowners' policy. The *Allstate v. Drumheller* majority found "adjacent" did not necessarily mean "adjoining"; *i.e.*, a property could be adjacent to the insured property (and covered by the homeowners' policy under *MacDonald*) even if it did not touch that property. Judge Garth strongly disagreed with the majority's interpretation of "adjacent." *See Allstate Ins. Co. v. Drumheller*, 185 F.App'x 152 (3d Cir. 2006) (Garth, J., dissenting). The dissenting opinion shows it was reasonable for Allstate to believe it could obtain a favorable ruling of non-coverage on appeal.

12

**IV.   The Katzenmoyer cross-motion for summary judgment**

For the same reasons discussed above, the Katzenmoyer cross-motion for summary judgment will be denied. Katzenmoyer has failed to show clear and convincing evidence of a disputed issue of material fact whether Allstate acted unreasonably or negligently when it denied the settlement offer in July 2004.

**V.   The Katzenmoyer motion for leave to file post-argument brief**

After the court held oral argument on the cross-motions for summary judgment, Katzenmoyer moved for leave to file a post-argument brief. The post-argument brief merely makes the same arguments made throughout Katzenmoyer's cross-motion for summary judgment. Katzenmoyer gave Allstate 30 days to accept a settlement offer while Allstate had a district court decision in its favor. Allstate reasonably waited until it had more information before considering settlement. Nothing in the post-argument brief provides clear and convincing evidence of a disputed issue of material fact whether Allstate acted in bad faith. The motion for leave to file a post-argument brief will be granted but does not change the decision of the court.

**VI.   Other motions**

The Allstate cross-motion for summary judgment will be granted, so there is no need to discuss the Allstate motion in limine to prevent Katzenmoyer from testifying at trial. Katzenmoyer withdrew her statutory bad faith claim under 42 Pa. C.S. § 8371, *see* Letter from Katzenmoyer's counsel, August 27, 2012, so there is

no need to discuss the Allstate motion to dismiss the statutory bad faith claim. The remaining motion in limine will be denied as moot.

## VII. Conclusion

Katzenmoyer may not be fully compensated for her injuries, but an insurance company has a right to defend itself when it reasonably disputes coverage. There is no disputed issue of material fact; Katzenmoyer has not shown clear and convincing evidence that Allstate acted in bad faith. The Allstate cross-motion for summary judgment will be granted, and the Katzenmoyer cross-motion for summary judgment will be denied. The motion in limine will be denied as moot. An appropriate order follows.